IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALITHEA LOWE, an individual,     \*
and NATHANIEL GORDON,
an individual,     \*

    Plaintiffs,     \*

                                    CASE NO. 4:10-CV-125 (CDL)
vs.     \*

FORD MOTOR COMPANY and     \*
FREEWAY FORD, INC.,
    \*
    Defendants.
    \*

O R D E R

Plaintiffs seek remand of this action to the State Court of Muscogee County, Georgia, contending that it is not removable because Defendant Freeway Ford, Inc. ("Freeway") is a Georgia citizen.[1] Defendants acknowledge that Freeway is a Georgia citizen but respond that removal is proper because Plaintiffs fraudulently joined Defendant Freeway, and therefore, its citizenship must be ignored for diversity purposes. The Court finds that Freeway has not been fraudulently joined. Accordingly, Plaintiffs' motion to remand (ECF No. 9) is granted.

REMOVAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have

---

[1] Freeway merged with Rivertown Ford, Inc., a Georgia corporation, in 2008. *See* Notice of Removal Attach. 3 at 51-54, State Court File, Certificate of Merger, ECF No. 1-3.

original jurisdiction." 28 U.S.C. § 1441(a). The district courts of the United States have jurisdiction over diversity cases in which the parties are citizens of different states and the amount in controversy is more than $75,000, not including interest and costs. 28 U.S.C. § 1332(a)(1). Moreover, diversity actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The removing defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Fraudulent joinder is a judicially created doctrine that provides an exception" to diversity requirements. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If a party is fraudulently joined, that party's citizenship shall be ignored for diversity jurisdiction purposes. "[T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis omitted) (internal quotation marks omitted). Any

questions of fact are viewed in the light most favorable to the plaintiff. *Id.* at 1323. Uncertainties about the applicable law are also resolved in the plaintiff's favor. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

BACKGROUND

Plaintiffs originally filed an action against Defendants Ford Motor Company ("Ford") and Freeway in the State Court of Muscogee County, Georgia. *See generally* Pls.' Mot. to Remand to the State Ct. of Muscogee County, Georgia [hereinafter Pls.' Mot. to Remand] Attach. A, Original Compl., ECF No. 9-1. Plaintiffs subsequently dismissed the action against Defendants voluntarily and without prejudice. *See* Pls.' Mot. to Remand Attach. B, Mutual Dismissal Without Prejudice, ECF No. 9-2. Plaintiffs then filed a renewed action against Defendants in the State Court of Muscogee County, Georgia. Notice of Removal Attach. 3 at 4-9, State Court File, Complaint, ECF No. 1-3 [hereinafter Compl.].

Defendants removed the action to this Court based on diversity of citizenship between the parties. Notice of Removal ¶¶ 7, 11-13, ECF No. 1. Plaintiffs then filed the presently pending motion to remand, contending that Freeway is a Georgia citizen, and thus the forum defendant rule precludes removal. Pls.' Mot. to Remand; Pls.' Br. in Supp. of Mot. to Remand 6-9, ECF No. 10 [hereinafter Pls.' Br.]. Specifically, Plaintiffs argue that diversity

3

jurisdiction is improper because Freeway is a Georgia citizen based on its principal place of business in Columbus, Georgia. Pls.' Br. 7-8. Defendants do not dispute that Freeway is a Georgia citizen. They maintain, however, that Freeway's citizenship must be ignored because Plaintiffs fraudulently joined Freeway as a party in this action. If Freeway's citizenship is ignored based upon fraudulent joinder, removal would be proper based upon diversity of citizenship.

To determine whether Freeway was fraudulently joined and thus, whether removal was proper, the Court evaluates the allegations in Plaintiffs' Complaint. Those allegations are as follows. Plaintiffs, passengers in a Ford Explorer, were seriously injured when the Ford Explorer rolled over numerous times after the driver of the Ford Explorer swerved to avoid hitting another car. Plaintiffs assert products liability claims based upon strict liability and negligence against Ford. Plaintiffs' claims against Freeway are based upon common law negligence. The Ford Explorer was designed and manufactured by Ford and sold by Freeway. Plaintiffs allege that Defendants were aware that the vehicle was unreasonably dangerous because of its allegedly inherent rollover risk, its allegedly defective roof structure, and its allegedly defective safety belt systems. Plaintiffs further allege that the injuries and risks associated with the unsafe rollover tendencies,

4

the defective roof structure, and the defective safety belt systems were foreseeable given Defendants' past experiences with the Ford Explorer model. Specifically, Plaintiffs allege that Freeway's negligence consisted of the following: (1) failure to exercise reasonable care to undertake an effective recall or repair to a product subject to such recall; and (2) failure to exercise reasonable care to warn the owner of the Ford Explorer's alleged defects, including its propensity for rollovers.

## DISCUSSION

**I. Fraudulent Joinder**

Defendants claim that Plaintiffs fraudulently joined Freeway solely to defeat diversity jurisdiction. The removing party bears a heavy burden of proving that joinder was fraudulent. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (internal quotation marks omitted). "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the

5

federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (internal quotation marks omitted). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Id.*

In this action, Plaintiffs' Complaint contains a negligent failure to warn claim against Freeway. While the parties dispute whether Alabama law or Georgia law applies to Plaintiffs' claims, the Court finds that Plaintiffs potentially state a viable cause of action for negligent failure to warn under both Alabama and Georgia law.[2] Alabama recognizes a cause of action against sellers for

---

[2] Georgia's choice of law rules apply the doctrine of *lex loci delicti*, the traditional rule that "a tort action is governed by the substantive law of the state where the tort was committed." *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 809, 816, 621 S.E.2d 413, 414, 419 (2005). Here, the accident and resulting injuries occurred in Alabama and therefore, under general *lex loci delicti* principles, Alabama substantive law would apply to Plaintiffs' claims. *See Risdon Enters., Inc. v. Colemill Enters., Inc.*, 172 Ga. App. 902, 903, 324 S.E.2d 738, 740 (1984) ("The general rule is that the place of the wrong, the locus delicti, is the place where the injury sustained was suffered rather than the place where the act was committed[.]") (internal quotation marks omitted). The Court recognizes that Georgia courts have sometimes made a distinction in the choice of law analysis between causes of action governed by foreign statutes and causes of action arising out of the common law, declining to apply another jurisdiction's law when no statute is involved. *See Frank Briscoe Co. v. Ga. Sprinkler Co.*, 713 F.2d 1500, 1503 (11th Cir. 1983) (recognizing that "[w]hen no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law."). The Court finds it unnecessary to decide whether Alabama or Georgia law applies because both states recognize a cause of action for negligent failure to warn against a seller of dangerous products.

6

negligent failure to warn of dangers created by the products they sell. *See Abney v. Crosman Corp.*, 919 So.2d 289, 293 (Ala. 2005) (concluding that a seller's liability for "negligent failure to warn a user of the dangers of a product arises under *Restatement (Second) of Torts* § 388 (1965), as adopted by this Court."). Georgia also imposes a duty on sellers to warn of dangers associated with the products they sell. *See Bishop v. Farhat*, 227 Ga. App. 201, 206, 489 S.E.2d 323, 328 (1997) (finding that distributor of a product can be liable for negligent failure to warn if "at the time of the sale, it had actual or constructive knowledge that its product created a danger for the consumer") (internal quotation marks omitted). The Court acknowledges that Defendants have presented evidence that Freeway did not have actual knowledge of the alleged defects. *See* Defs.' Br. in Opp'n to Pls.' Mot. to Remand Ex. 2, Stephens Aff. ¶ 8, ECF No. 16-2. The law in both Alabama and Georgia, however, imposes a duty to warn when a seller actually knows, or should have known, of the dangers created by a product. *See Abney*, 919 So.2d at 293 (supplier of chattels can be liable for negligent failure to warn if the supplier "knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied") (internal quotation marks omitted); *Bishop*, 227 Ga. App. at 206, 489 S.E.2d at 328 (finding that seller "is required to warn if he has

7

knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge of the danger") (internal quotation marks omitted). Plaintiffs have alleged that given Freeway's past experiences with the Ford Explorer model, the dangers created by the defects were foreseeable to Freeway. The Court finds that Plaintiffs have sufficiently alleged that Freeway should have known of the dangers created by the defects listed in the Complaint. Because Georgia and Alabama recognize negligent failure to warn as a viable cause of action against a seller of an allegedly dangerous product, the Court cannot conclude that Plaintiffs have fraudulently joined Freeway. Accordingly, the Court lacks subject matter jurisdiction over this action.

**II. Plaintiffs' Request For Attorney's Fees**

Plaintiffs' motion to remand requests that the Court award attorney's fees and costs to Plaintiffs associated with seeking remand of the action to state court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

8

141 (2005). Although the Court rejects Defendants' arguments in favor of removal, the Court finds there was an objectively reasonable basis for seeking removal. Therefore, Plaintiffs' request for costs and attorney's fees is denied.

CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand (ECF No. 9) is granted, and this action is remanded to the State Court of Muscogee County, Georgia. Plaintiffs' request for costs and attorney's fees is denied.

IT IS SO ORDERED, this 3rd day of March, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE